Abb.attam N. Geller, J.
In signing the judgment to be entered upon the granting of the application to confirm the award herein, the court has stricken the provision for $25 taxable costs (hereinafter discussed) and has added provision for taxation of disbursements (see CPLR 8301, subd. [c]) and for interest from date of award (Matter of Durant [MVAIC], 15 N Y 2d 408).
CPLR 8102 (subd. 1) provides that a plaintiff is not entitled to costs in an action brought in the Supreme Court in a county within the City of New York which could have been brought in the Civil Court of the City of New York unless he shall recover $6,000 or more. Under subdivision (b) of section 206 of the New York City Civil Court Act (CCA, § 206, subd. [b]), the Civil Court has jurisdiction to enter judgment on an award made for relief within that court’s jurisdiction. This award against MVAIC was for $4,000 and administrative fees. Application to confirm that award could have been made in the Civil Court; it is only applications by “ qualified ” persons for leave to sue MVAIC that are required to be brought in the Supreme Court (Insurance Law, § 608). Petitioner, therefore, is not entitled to costs in this court (see Matter of Rivera [MVAIC], N. Y. L. J., Aug. 25, 1966, p. 7, col. 5).
The impact of these provisions reveals an anomaly in the costs provided in this connection under the CPLR and CCA. While the sum of $25 is taxable under CPLR 8201 (subd. 1) upon the entry of judgment before a note of issue is filed, subdivision (b) of section 1903 of the CCA allows costs where judgment is recovered upon motion before trial (which appears to be the provision applicable to a motion to confirm an award and for judgment thereon), at one half the amount taxable after a trial, which is fixed at about $5 for every $100 but not exceeding $150. Under that provision, the costs in the New York City Civil Court upon entering judgment confirming this award would have been about $100. This appears to be too much for the rather simple motion to confirm an award. If these provisions are applicable, as they seem to be, an application for judgment confirming an award of $6,000 or more in the Supreme Court would allow for $25 costs while the same type of application in the Civil Court for an award in the amount of $5,900 or more would allow for about $150 costs. It might be noted, parenthetically, that the *645 same situation exists with respect to judgments entered upon the granting of summary judgment.
When the New York City Civil Court was given jurisdiction to enter judgment upon an award within that court’s jurisdiction, no corresponding particular costs provision was added to the detailed costs sections of the New York City Civil Court Act. The subject should be reviewed to provide for an equitable amount of costs in both courts on applications to confirm arbitration awards.